# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **WOODBRIDGE GROUP OF COMPANIES, LLC,** *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 17-12560 (KJC) <br><br> (Jointly Administered) |
| In re: <br><br> 695 BUGGY CIRCLE, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 46-5694827 | Chapter 11 <br><br> Case No. 18-10670 (KJC) <br><br> (Joint Administration Requested) |
| In re: <br><br> BLAZINGSTAR FUNDING, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 90-0923953 | Chapter 11 <br><br> Case No. 18-10671 (KJC) <br><br> (Joint Administration Requested) |
| In re: <br><br> BUGGY CIRCLE HOLDINGS, LLC, <br><br> Debtor. <br><br> Tax I.D. No. 38-3930850 | Chapter 11 <br><br> Case No. 18-10672 (KJC) <br><br> (Joint Administration Requested) |

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Blvd #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

| | |
|---|---|
| In re:<br><br>DEERFIELD PARK INVESTMENTS, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 81-1042296 | Chapter 11<br><br>Case No. 18-10673 (KJC)<br><br>(Joint Administration Requested) |
| In re:<br><br>H10 DEERFIELD PARK HOLDING COMPANY, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 30-0888117 | Chapter 11<br><br>Case No. 18-10674 (KJC)<br><br>(Joint Administration Requested) |
| In re:<br><br>KIRKSTEAD INVESTMENTS, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 61-1743696 | Chapter 11<br><br>Case No. 18-10675 (KJC)<br><br>(Joint Administration Requested) |
| In re:<br><br>M16 KIRKSTEAD HOLDING COMPANY, LLC,<br><br>　　　　　Debtor.<br><br>Tax I.D. No. 36-4788119 | Chapter 11<br><br>Case No. 18-10676 (KJC)<br><br>(Joint Administration Requested) |

**DEBTORS' THIRD MOTION FOR ORDER (I) APPROVING JOINT ADMINISTRATION OF ADDITIONAL CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, (II) APPLYING ORDERS PREVIOUSLY ENTERED BY THE COURT TO THE CHAPTER 11 CASES OF THE <u>ADDITIONAL DEBTORS, AND (III) GRANTING RELATED RELIEF</u>**

Woodbridge Group of Companies, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") hereby move the Court (this "<u>Motion</u>") for the entry of an order, substantially in the form annexed hereto as

Exhibit A (the "Proposed Order"), (i) directing the supplemental joint administration of the chapter 11 cases of 695 Buggy Circle, LLC; Blazingstar Funding, LLC; Buggy Circle Holdings, LLC; Deerfield Park Investments, LLC; H10 Deerfield Park Holding Company, LLC; Kirkstead Investments, LLC; and M16 Kirkstead Holding Company, LLC (together, the "Additional Debtors") with the administration of the chapter 11 cases of Woodbridge Group of Companies, LLC and its various direct and indirect debtor affiliates that previously commenced chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"); (ii) applying any and all orders previously entered by the Court in the chapter 11 cases of the Joint Debtors (as defined below) with equal force and effect to the Additional Debtors; and (iii) granting related relief.  In support of this Motion, the Joint Debtors submit the *Declaration of Bradley D. Sharp in Support of Debtors' Third Motion for Order (I) Approving Joint Administration of Additional Cases Pursuant to Rule 1015(B) of the Federal Rules of Bankruptcy Procedure, (II) Applying Orders Previously Entered by the Court to the Chapter 11 Cases of the Additional Debtors, and (III) Granting Related Relief* (the "Additional Debtors Declaration"), filed substantially contemporaneous herewith.  In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection

herewith consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The legal predicates for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1 and the legal predicates cited in support of all of the orders previously entered by the Court in the chapter 11 cases that are applicable to the Additional Debtors.

## STATUS OF THE CASE AND BACKGROUND

2.      On December 4, 2017 (the "Initial Petition Date"), Woodbridge Group of Companies, LLC and 278 of its affiliates (the "Initial Debtors") each filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").  The Initial Debtors' cases are being jointly administered pursuant to an order of the Court, dated December 5, 2017 [Docket No. 45].

3.      On February 9, 2018 (the "Second Round Petition Date"), fourteen additional debtors (the "Second Round Debtors") filed voluntary chapter 11 petitions.  The Second Round Debtors' cases are being jointly administered with those of the Initial Debtors pursuant to an order of the Court, dated February 13, 2018 [Docket No. 570].

4.      On March 9, 2018 (the "Third Round Petition Date"), two additional debtors (the "Third Round Debtors," and together with the Initial Debtors and Second Round Debtors, the "Joint Debtors") filed voluntary chapter 11 petitions.  The Third Round Debtors' cases are being jointly administered with those of the Initial Debtors and Second Round Debtors pursuant to an order of the Court, dated March 12, 2018 [Docket No. 739].

5.      On the date hereof, each of the Additional Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Fourth Round Petition Date").

6.      Since the commencement of the chapter 11 cases for the Joint Debtors, the Joint Debtors have continued to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On December 14, 2017, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 79].

8.      On January 23, 2018, the Court held a hearing to resolve, among other matters, two motions to appoint a chapter 11 trustee, and entered an order approving the settlement reached between the Initial Debtors and other parties in interest (the "Settlement Order").[2] Attached as Exhibit 1 to the Settlement Order was a term sheet enumerating the terms of the settlement (the "Joint Resolution").  By the terms of the Joint Resolution, the Initial Debtors' board of managers was to be reconstituted (the "New Board") and the formation of an ad hoc noteholder group (the "Noteholder Group") and an ad hoc unitholder group (the "Unitholder Group") was authorized.  The Joint Resolution also permitted the non-debtor entities subject to the asset freeze order issued by the United States District Court for the Southern District of Florida (Case No. 17-24624-MGC) on December 20, 2017 [D.I. 13],[3] to come under the control of the New Board and under the jurisdiction of the Court's administration of the Initial Debtors' chapter 11 cases.  Accordingly, the Joint Resolution was the catalyst for the Second Round Debtors, the Third Round Debtors, and the Additional Debtors filing their chapter 11 cases.

9.      On March 9, 2018, the Additional Debtors came under the control of the New Board.  The rationale behind the filing of the Additional Debtors' chapter 11 cases was threefold:

---

[2]    *Order, Pursuant to Sections 105(a) and 1102 of the Bankruptcy Code and Bankruptcy Rule 9019, Approving the Consensual Resolution of (A) Motion of the Ad Hoc Committee of Holders of Promissory Notes of Woodbridge Mortgage Investment Fund Entities and Affiliates Pursuant to Section 1102(a)(2) of the Bankruptcy Code Directing the Appointment of an Official Committee of Noteholders, (B) Emergency Motion of Official Committee of Unsecured Creditors for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104, (C) Motion by the U.S. Securities and Exchange Commission for Order Directing the Appointment of a Chapter 11 Trustee, (D) Joinder of Additional Noteholders to Motion of the Ad Hoc Committee of Holders of Promissory Notes of Woodbridge Mortgage Investment Fund Entities and Affiliates Pursuant to Section 1102(a)(2) of The Bankruptcy Code Directing the Appointment of an Official Committee of Noteholders, and (E) Motion of the Ad Hoc Committee of Unitholders of Woodbridge Mortgage Investment Fund Entities Pursuant to 11 U.S.C. § 1102(a)(2) Directing Appointment of an Official Committee of Unitholders* [Docket No. 357].

[3]    The above-referenced asset freeze was dissolved as to the Second Round Debtors explicitly implicated thereby on February 22, 2018 [D.I. 110].

(i) to ensure that the Debtors obtained control over recently discovered assets of the Additional Debtors, (ii) to ensure that such assets could be administered in a manner consistent with those of the existing Debtors, and (iii) to enable them to resolve any potential disputes as to ownership of these assets.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of an order (i) directing the joint administration and consolidation of the chapter 11 cases of the Additional Debtors with the jointly administered cases of the Joint Debtors for procedural purposes only; (ii) applying any and all orders that were previously entered by the Court in the chapter 11 cases of the Joint Debtors, which are applicable to the Additional Debtors, with equal force and effect to the Additional Debtors; and (iii) granting related relief.

11. Specifically, as to joint administration, the Debtors request that the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk of the Court") maintain one file and one docket for all of the jointly administered cases under the case number of Woodbridge Group of Companies, LLC and that the Clerk of the Court administer the cases under a consolidated caption as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Blvd #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

12. The Debtors also request that a docket entry, substantially similar to the following, be made on the docket of each of the Additional Debtors' chapter 11 cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of 695 Buggy Circle, LLC (4827); Blazingstar Funding, LLC (3953); Buggy Circle Holdings, LLC (0850); Deerfield Park Investments, LLC (2296); H10 Deerfield Park Holding Company, LLC (8117); Kirkstead Investments, LLC (3696); and M16 Kirkstead Holding Company, LLC (8119) and with those being jointly administered with the chapter 11 case of Woodbridge Group of Companies, LLC (3603). **The docket in the chapter 11 case of Woodbridge Group of Companies, LLC, Case No. 17-12560 (KJC), should be consulted for all matters affecting this case**.

13. In addition, as to the previous orders entered by the Court in the Joint Debtors' chapter 11 cases, the Debtors request that any and all orders previously entered by the Court in the Joint Debtors' chapter 11 cases that are applicable to the Additional Debtors be deemed to extend and apply with equal force and effect to the chapter 11 cases of the Additional Debtors.

## BASIS FOR RELIEF

14. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed R. Bankr. P. 1015(b). Section 105(a) of the Bankruptcy Code also provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of chapter 11 cases upon the filing of a motion supported by a declaration establishing that joint administration of two or more pending cases will ease the administrative burden of the Court and the parties.

15. As set forth in the Additional Debtors Declaration, the Debtors' operations are interconnected and co-dependent, and share many of the same creditors and other parties in interest. Given the commercial and corporate relationships among the Debtors, joint administration of the Additional Debtors' chapter 11 cases with the Joint Debtors' chapter 11

cases will provide administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in the Joint Debtors' chapter 11 cases will affect each and every Debtor. Thus, the entry of an order directing joint administration of these cases will reduce fees and costs by, for example, avoiding duplicative filings and objections. Moreover, joint administration will also simplify supervision of the administrative aspects of these cases by the U.S. Trustee and allow all parties in interest to monitor the Debtors' chapter 11 cases with greater ease and efficiency.

16. Joint administration of the Debtors' chapter 11 cases will not prejudice or adversely affect the rights of the Debtors' creditors, because the Debtors seek only administrative, not substantive, consolidation of the Additional Debtors' estates with those of the Joint Debtors. Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of the Additional Debtors' chapter 11 cases with those of the Joint Debtors.

17. For these reasons, the Additional Debtors respectfully submit that the joint administration of these cases is appropriate and is in the best interests of all of the Debtors, their estates, their creditors, and all other parties in interest.

18. Additionally, the Additional Debtors request that any and all orders previously entered by the Court in the Joint Debtors' chapter 11 cases that are applicable to the Additional Debtors be deemed to extend and apply with equal force and effect to the chapter 11 cases of the Additional Debtors. Requiring the Additional Debtors to separately request the relief granted by the orders previously entered by the Court would be cumbersome and inefficient, wasting estate resources and the Court's time, when the Court has already found that the previously granted relief is proper. Further, it is critical to the success of the Additional Debtors' efforts to maximize the value of their estates that, for instance, the Joint Debtors' claims, noticing, and

balloting agent be able to represent the Additional Debtors in connection with the chapter 11 process.

19. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, stakeholders, and other parties in interest, and therefore, should be granted.

## NOTICE

20. The Debtors have provided notice of this Motion to: (i) the U.S. Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Office of the United States Attorney General for the District of Delaware; (iv) the Internal Revenue Service; (v) counsel for the DIP lender; (vi) the Debtors' cash management banks; (vii) counsel to the Committee; (viii) counsel to the Noteholder Group; (ix) counsel to the Unitholder Group; and (x) all parties who have requested notice in the Debtors' chapter 11 cases pursuant to Local Rule 2002-1. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter the Proposed Order and such other and further relief as is just and proper.

Dated: March 23, 2018  
      Wilmington, Delaware

*/s/ Betsy L. Feldman*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Sean M. Beach (No. 4070)
Edmon L. Morton (No. 3856)
Ian J. Bambrick (No. 5455)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:    (302) 571-6600
Fax:   (302) 571-1253

-and-

KLEE, TUCHIN, BOGDANOFF & STERN LLP
Kenneth N. Klee
Michael L. Tuchin
David A. Fidler
Jonathan M. Weiss
1999 Avenue of the Stars
39th Floor
Los Angeles, California 90067
Tel:    (310) 407-4000
Fax:   (310) 407-9090

*Counsel for the Debtors and Debtors in Possession*

# EXHIBIT A

## PROPOSED ORDER

01:23000073.4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**WOODBRIDGE GROUP OF COMPANIES, LLC,** *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 17-12560 (KJC)<br><br>(Jointly Administered) |
| In re:<br><br>695 BUGGY CIRCLE, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 46-5694827 | Chapter 11<br><br>Case No. 18-10670 (KJC)<br><br>(Joint Administration Requested) |
| In re:<br><br>BLAZINGSTAR FUNDING, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 90-0923953 | Chapter 11<br><br>Case No. 18-10671 (KJC)<br><br>(Joint Administration Requested) |
| In re:<br><br>BUGGY CIRCLE HOLDINGS, LLC,<br><br>Debtor.<br><br>Tax I.D. No. 38-3930850 | Chapter 11<br><br>Case No. 18-10672 (KJC)<br><br>(Joint Administration Requested) |

---

[1]   The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Blvd #302, Sherman Oaks, California 91423.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein.  A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

| | |
|---|---|
| In re:<br><br>DEERFIELD PARK INVESTMENTS, LLC,<br><br>              Debtor.<br><br>Tax I.D. No. 81-1042296 | Chapter 11<br><br>Case No. 18-10673 (KJC)<br><br>(Joint Administration Requested) |
| In re:<br><br>H10 DEERFIELD PARK HOLDING COMPANY, LLC,<br><br>              Debtor.<br><br>Tax I.D. No. 30-0888117 | Chapter 11<br><br>Case No. 18-10674 (KJC)<br><br>(Joint Administration Requested) |
| In re:<br><br>KIRKSTEAD INVESTMENTS, LLC,<br><br>              Debtor.<br><br>Tax I.D. No. 61-1743696 | Chapter 11<br><br>Case No. 18-10675 (KJC)<br><br>(Joint Administration Requested) |
| In re:<br><br>M16 KIRKSTEAD HOLDING COMPANY, LLC,<br><br>              Debtor.<br><br>Tax I.D. No. 36-4788119 | Chapter 11<br><br>Case No. 18-10676 (KJC)<br><br>(Joint Administration Requested)<br><br>**Ref. Doc. No. \_\_\_** |

**ORDER (I) APPROVING JOINT ADMINISTRATION OF
ADDITIONAL CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, (II) APPLYING ORDERS PREVIOUSLY
ENTERED BY THE COURT TO THE CHAPTER 11 CASES OF THE ADDITIONAL
<u>DEBTORS, AND (III) GRANTING RELATED RELIEF</u>**

Upon the *Debtors' Third Motion for Order (I) Approving Joint Administration of*

*Additional Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure,*

*(II) Applying Orders Previously Entered by the Court to the Chapter 11 Cases of the Additional Debtors, and (III) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and upon consideration of the Additional Debtors' Declaration; and this Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and a hearing having been held to consider the relief requested in the Motion; and upon the record of the hearing on the Motion and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

      **IT IS HEREBY ORDERED THAT:**

    1.      The Motion is GRANTED as set forth herein.

    2.      The Joint Debtors' chapter 11 cases and the Additional Debtors' chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court.

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

3. The Clerk of the Court shall maintain one file and one docket for all of the Debtors' chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of Woodbridge Group of Companies, LLC, Case No. 17-12560 (KJC).

4. All pleadings filed in the Debtors' chapter 11 cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1] | Case No. 17-12560 (KJC) |
| Debtors. | (Jointly Administered) |

---

[1] The last four digits of Woodbridge Group of Companies, LLC's federal tax identification number are 3603. The mailing address for Woodbridge Group of Companies, LLC is 14140 Ventura Blvd #302, Sherman Oaks, California 91423. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors, the last four digits of their federal tax identification numbers, and their addresses are not provided herein. A complete list of this information may be obtained on the website of the Debtors' noticing and claims agent at www.gardencitygroup.com/cases/WGC, or by contacting the undersigned counsel for the Debtors.

5. The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

6. The Clerk of the Court shall make a docket entry in each Additional Debtor's chapter 11 case substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of 695 Buggy Circle, LLC (4827); Blazingstar Funding, LLC (3953); Buggy Circle Holdings, LLC (0850); Deerfield Park Investments, LLC (2296); H10 Deerfield Park Holding Company, LLC (8117); Kirkstead Investments, LLC (3696); and M16 Kirkstead Holding Company, LLC (8119) and with those being jointly administered with the chapter 11 case of Woodbridge Group of Companies, LLC (3603). **The docket in the chapter 11 case of Woodbridge**

**Group of Companies, LLC, Case No. 17-12560 (KJC), should be consulted for all matters affecting this case**.

7. One consolidated docket, one file, and one consolidated service list shall be maintained for the Debtors' chapter 11 cases by the Debtors and kept by the Clerk of the Court.

8. Any and all orders previously entered by the Court in the chapter 11 cases of the Joint Debtors that are applicable to the Additional Debtors shall be deemed to extend and apply with equal force and effect to the chapter 11 cases of the Additional Debtors.

9. The Debtors and the Clerk of the Court are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' chapter 11 cases.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March ____, 2018
       Wilmington, Delaware

                                                                KEVIN J. CAREY
                                                                UNITED STATES BANKRUPTCY JUDGE